ASHEVILLE v. WEBB.

(Filed December 18, 1903).

1. MUNICIPAL CORPORATIONS—*Statutes—Elections.*

> Although a city may refund its bonded debt without submission to popular vote, if it attempts to submit in accordance with special legislative act, it must follow the provision of such act.

2. MUNICIPAL CORPORATIONS — *Notice — Bonds — The Code, sec. 567—Acts (Private) 1895, ch. 352—Acts 1899, ch. 507—Acts (Private) 1903, ch. 6.*

> Under private acts 1903, ch. 6, sec. 4, the first election for the issuing of bonds thereunder does not require thirty days' notice of said election.

ACTION by the city of Asheville against C. A. Webb & Co., heard by *Judge E. B. Jones* at Fall Term, 1903, of the Supe-

rior Court of BUNCOMBE County. From a judgment for the defendants the plaintiff appealed.

*Davidson, Bourne & Parker,* for the plaintiff.
No counsel for the defendant.

MONTGOMERY, J. This is a controversy submitted without action, under section 567 of The Code, upon an agreed statement of facts. The defendants contracted to buy from the plaintiffs $40,000 of bonds issued under the provisions of chapter 6 of the Private Laws of 1903, and afterwards refused to receive and pay for the bonds on the ground that they were illegal, for the reason that the plaintiff had failed to give thirty days' public notice of the election which had been held upon the question as to whether the bond issue should be "approved" or "not approved."

No notice of the election on the bond issue, held on the 5th day of May, 1903, the regular election day of officers for the city of Asheville and the time prescribed by law therefor, was published for thirty days prior to the said election. But a resolution was passed by the Board of Aldermen, a majority being present in regular session, in the following words: "Ordered by the unanimous vote of the Board of Aldermen present, that an election be held at the time of the holding of the next regular election of officers of the city of Asheville, in May, 1903, upon the question of issuing $781,500 of refunding bonds, in accordance with terms, conditions and provisions of the act of the Legislature of North Carolina, duly adopted on January 24, 1903, and entitled 'An act to authorize the city of Asheville to issue bonds to refund its debt.' "

A majority of the qualified electors of the city voted in approval of the bond issue, and the result of the election was duly canvassed by the Board of Canvassers of the city of

Asheville, and proclamation thereof made by the Chief of Police of said city within the time prescribed by law for the same.

Section 4 of the Act of 1903 is in the following words:

"Sec. 4. That said bonds shall not be issued nor said taxes levied until authorized by vote of a majority of the qualified voters of the said city at a public election to be held in the same manner as elections are or may hereafter be held in said city for the election of Mayor and Aldermen thereof, and at such election those who favor the issuing of said bonds and levying the taxes herein provided for shall vote ballots with the word 'Approved' written or printed thereon, and those opposed to issuing said bonds shall vote ballots with the words 'Not Approved' written or printed thereon; and if at any such election a majority of the qualified voters of said city shall vote ballots with the word 'Approved' written or printed thereon, then the said Mayor and Board of Aldermen shall, as may be required under the terms of this act, issue said bonds, and after their sale or exchange, or the sale or exchange of any portion thereof, as hereinbefore provided, levy a tax sufficient to meet interest and principal thereof when due, as hereinbefore specified.

"The first election under this act shall be held whenever the Board of Aldermen may order same, not less than thirty days after the date of said order, and if at such election a majority of the qualified voters of said city shall not vote in favor of issuing said bonds, then the Board of Aldermen of said city shall at any time, and as often thereafter as they deem best, not oftener, however, than once in any one year, order an election to be held under the rules and regulations prescribed by law for the election of Mayor and Aldermen of said city, and after thirty days' public notice thereof, and at each of such elections the ballots shall be as hereinbefore directed; and if at any such elections the majority of the

qualified voters of said city shall cast ballots in favor of the issuing of said bonds as aforesaid, then the said bonds shall be issued as may be required under the terms of this act by said Mayor and Board of Aldermen, to be applied to the purposes and upon the terms and conditions hereinbefore stated in this act."

The plaintiff's contention is that the act authorizing the issue of the bonds does not require a public notice of thirty days of the first election to be given under section 4 of the act, and that the election, as held, was legally held, and that the bonds are valid; while the defendants contend that the failure to give such notice was a fatal defect and the bonds are invalid and void.

His Honor held that the act had not been complied with in respect to the notice of the election, and that the refunding bonds were invalid and void, and that the defendants were not required to take and pay for the same. Judgment was entered accordingly.

It will be seen, upon the reading of the above quoted section of the act, that public notice of the holding of the first election is not required. A public notice of thirty days of subsequent elections on the same question, in case the first should be adverse to the bond issue, is made necessary by the act. The order of the Board of Aldermen seems to have been considered by the General Assembly as a sufficient notice of the first election to be held under the act. The plaintiff, without submitting the question to a vote of its registered voters, had the right to refund its bonded indebtedness, but as it preferred to submit the question to a vote of the people under an act of the General Assembly passed for that purpose, the method prescribed by the act must be followed. *Wadsworth v. City of Concord,* 133 N. C., 587. And the only question, as we have seen, submitted to us in this case is whether the act of Assembly above referred to requires a

thirty days public notice of the first election held under section 4 of the act. His Honor, as we have said, thought it was. We do not concur in that view.

In section 4 of the Act of 1903 the election was required to be held in the same manner as elections were or might be hereafter held in that city for the election of Mayor and Aldermen, and under section 10 of chapter 352 of the Private Laws of 1895—"An act to amend, revise and consolidate the charter of the city of Asheville"—elections for Mayor and Aldermen were required to be held under the same rules as were prescribed, or might be thereafter prescribed, for the election of members of the General Assembly (the powers and duties in such rules and regulations conferred upon and directed to be exercised by the Sheriffs being conferred upon the Marshal of the city, etc.).

Under the General Election Law, chapter 507 of the Acts of 1899, we find no requirements of any public notice of an election for members of the General Assembly. It is required by section 14 of that act that the County Board of Elections shall make publication of the names of the persons elected as registrars of voters for townships, wards or precincts, at the court-house door immediately after such appointment; and that is the only requirement of any public notice concerning the election for members of the General Assembly that we find in the act.

We are, therefore, of the opinion that the Act of 1903, under which the election was held, did not require any public notice of the election. It does not appear from the facts agreed that there was a publication at the court-house door of the names of the persons who were selected as registrars of voters, and it may not be out of place to add here that if notice of the appointment of the registrars of voters in the several wards of Asheville were not published at the court-house door immediately after they were appointed, in con-

formity to section 14 of chapter 507 of the Acts of 1899, and
that omission is known to the defendants, the bonds might
be invalid in their hands.   *Duke v. Brown,* 96 N. C., 127;
*Claybrook v. Commissioners,* 117 N. C., 456; *Debnam v.
Chitty,* 131 N. C., 657.
     Reversed.